ADELBERT M. PECK *et al.* *vs.* JOHN LEVESQUE *et al.*

JANUARY 8, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Equity. Pleading. Cross-Bill.*

The office of a cross-bill is to obtain affirmative relief upon the case stated in the bill and not to obtain relief as to other matters.

*(2) Equity Pleading. Replication.*

Allegations of matters rendered necessary by the answer to a bill in equity, should be made by way of amendment to the bill and not by replication, under equity rule No. 24.

*(3) Deeds. Change of Name.*

Where a deed described a person by a different name than the one she was known by and she could neither read nor write and executed the deed by making her mark, such instrument in itself does not furnish satisfactory evidence of an intention on her part to change her name or that she knew that it had been incorrectly stated in the instrument.

*(4) Attachment. Record Title. Pleading. Misnomer.*

Record title to premises being in D. L., action was brought and the interest attached under the name of E. L. The officer's return showed that service was made upon the defendant named in the writ but the return did not show that the person served as E. L., was in fact D. L.

*Held,* that the record failing to show that D. L. was actually served with process, the further proceedings under execution sale were fatally defective.

BILL IN EQUITY for partition. Heard on appeal of complainant and dismissed.

VINCENT, J. This is a bill in equity brought by the complainants, Adelbert M. Peck and George W. Bennett, Jr., against John Levesque and several other respondents to obtain a partition of certain parcels of land therein described in which the complainant Peck claims to have an undivided interest and the complainant Bennett an interest as mortgagee.

The bill alleges that the complainant Peck and the respondents own jointly in fee simple two certain lots of land with the buildings and improvements thereon situate in North Providence, Rhode Island, which said two lots are designated as lots numbered seventy-six and seventy-seven on the River View Plat of House Lots located in Centredale in the town of North Providence belonging to S. A. Kelly

by W. S. Brown, 1895, and that the complainant Bennett holds a mortgage upon the interest of the said Peck therein. The bill prays for a partition of the two lots above described and for an order of sale.

The respondents filed an answer in which they deny that the complainant Peck has any interest in the lots seventy-six and seventy-seven described in the bill or that the complainant Bennett has any interest therein as a mortgagee or otherwise. The answer then goes on to allege that the respondents are owners in fee simple of five other lots and that the complainants appear to claim some color of title in the whole seven lots by reason of a certain sheriff's deed to the complainant Bennett and ask for affirmative relief, by way of cross-bill, not only as to the two lots named in the complainants' bill but also as to the other five lots described in the answer.

(1)    The Superior Court held, upon the authority of *Paine* v. *Sackett*, 25 R. I. 561, that it could not entertain the respondents' answer as a cross-bill for affirmative relief, in respect to the five lots not mentioned in the complainants' bill, saying that the office of a cross-bill is to obtain affirmative relief upon the case stated in the bill and not to obtain relief as to other matters.

After the filing of the respondents' answer, and prior to the decision of the court below, the complainants filed a replication in which they apparently disclaim any title to the five lots named by reason of the sheriff's deed as set forth in the answer of the respondents. In considering this

(2) the Superior Court said that the filing of any such special replication was forbidden by Equity Rule No. 24 which requires that allegations of matters rendered necessary by the answer shall be made by way of amendment to the bill.

We think that the position taken by the Superior Court regarding the five lots not mentioned in the bill as well as its conclusions upon the special replication of the complainants was correct and we see no need for the further discussion of those questions.

This brings us to the consideration of the allegations of the bill with respect to the lots seventy-six and seventy-seven. The complainant Peck claims to be the owner of an undivided half interest in these two lots and the respondents' deny that the said complainant has ever acquired any interest therein. The alleged title of the complainant Peck rests upon an execution sale.

On September 29, 1899, the two lots now under consideration were conveyed by deed from Joseph Lizotte to Frank Levesque and Alphonsine Levesque, his wife, Frank Levesque being sometimes referred to as Frank Levesque, senior. Upon the death of the wife, Alphonsine, the said Frank Levesque became possessed of a life estate in the remaining undivided half of said two lots.

Frank Levesque remarried and on October 22, 1910, conveyed to his wife, Delima Levesque, through a third party, his interest in one undivided half of said lots seventy-six and seventy-seven. On November 26, 1910, he made another conveyance to his wife, Delima, also through a third party, the purpose of which was to correct the description in the former deed of October 22, 1910. The title to one undivided half interest in these two lots was thus vested in Delima Levesque subject to the life interest acquired by Frank Levesque in the other undivided half upon the death of his first wife, Alphonsine. Subsequent to the commencement of the present suit, Frank and Delima Levesque conveyed their entire interest in these, and other lots to the eleven children who are now named as respondents in the answer to complainants' bill. Later, and prior to the entry of the decree appealed from, Frank Levesque, senior, deceased, so that now there is no existing life estate in the two lots.

In January, 1915, one Francois Robert brought suit against Frank Levesque and Emma Levesque. Service of the writ was made, according to the officer's return thereon, by attaching the interest of the defendants in the two lots before referred to as numbers seventy-six and seventy-seven, and summoning the defendants named therein.

There is no copy of this writ among the papers in the case but the original writ appears to have been produced at the hearing in the court below by the assistant clerk of the Sixth District Court who testified regarding the contents and service thereof. Judgment in this suit was obtained against the defendants by default; execution was issued thereon and levied upon the real estate attached, which was subsequently sold at sheriff's sale to George W. Bennett, Jr., he being the highest bidder therefor. Subsequently George W. Bennett, Jr., conveyed his interest to Adelbert M. Peck one of the complainants here.

It will now be observed that the record title to one undivided half interest in the lots seventy-six and seventy-seven is in Delima Levesque and that the interest attached upon the above mentioned writ of Francois Robert is that of Emma Levesque.

(3) The respondents contend that under these conditions George W. Bennett, Jr., failed to acquire any title to the interest of Delima Levesque in these lots. On the other hand the complainants claim that Delima, prior to said suit, had adopted the name of Emma and that such an intentional change of name is evidenced by certain deeds or conveyances in which her name appears as Emma Levesque. As Delima could neither read nor write and executed such of these deeds as conveyed her dower interest by making her mark, they do not seem to us to furnish satisfactory evidence of an intention on her part to change her name or that she knew that it had been incorrectly stated in the instruments referred to.

The complainants further contend, and have largely devoted their brief to the argument, that if Delima Levesque had legal notice of the attachment and levy it is immaterial by what name she was sued and summoned, the essential question being, were the persons interested served with process, and that if the real party was sued even under a wrong name the only advantage which could be taken of that error would be by a plea in abatement.

If we assume the correctness of this contention, that if Delima Levesque had legal notice of the attachment and levy it is immaterial by what name she is sued and summoned, we are directly led to inquire as to whether there is any evidence that Delima Levesque had such legal notice. The complainants apparently rely upon the officer's return on the writ in the case of *Francois Robert* v. *Frank Levesque and Emma Levesque* to show that in fact service was made

(4) upon Delima Levesque, for they say in their brief that, "the deputy sheriff who served the writ of attachment left a copy with Delima Levesque." The name of Delima Levesque does not appear in the writ, the name there being Emma Levesque and the officer's return is, "I have summoned said defendants leaving an attested copy of the within writ with each of defendants in their hands and possession." We do not think that the complainants are warranted in relying upon this return as evidence that Delima Levesque received actual notice of the suit. The substance of the return is that service was made upon Emma Levesque, she being the person named in the writ, but such return does not go to the extent of showing that the person served as Emma Levesque was in fact Delima Levesque. An examination of the record fails to disclose any direct testimony that Delima Levesque was actually served with a copy of the writ in the Robert suit. As this seems to us to be a fatal defect in the complainants' case, any further discussion of the matter would be useless.

The complainants' appeal is dismissed, the decree of the Superior Court is affirmed and the cause is remanded to said court for further proceedings.

*George W. Bennett, Jr.,* for complainants.
*Terence M. O'Reilly,* for respondent.